UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

In Re:

JOSEPH S. RINAUDO (d/b/a Re/Max Gold,
a/k/a Rinaudo Development, Inc., d/b/a
Signature Management, a/k/a Signature Gold, Inc.,
_____

JOSEPH RINAUDO
and Signature Gold, Inc. d/b/a RE/MAX Gold
and Rinaudo Development, Inc., d/b/a Signature Management

        Appellant,

                           DECISION AND ORDER
                           09-CV-6609L

      v.

GENESEE REGIONAL BANK,

        Appellee,

WARREN H. HEILBRONNER,

        Trustee.
_____

  This is an appeal from the October 27, 2009 decision of United States Bankruptcy Judge John C. Ninfo, II (Dkt. #1-14). In that decision and order, Judge Ninfo determined that an indebtedness of $115,000 to the Genesee Regional Bank (the "Bank") was non-dischargeable in Joseph S. Rinaudo's ("the debtor") petition in his Chapter 7 case.

  Judge Ninfo's decision was entered after he conducted a trial in an adversary proceeding brought by the Bank, urging Judge Ninfo to find the indebtedness to it non-dischargeable pursuant to § 523 of the Bankruptcy Code, because the underlying loan had been procured by false statements and fraud. (11 U.S.C. § 523).

At issue in the adversary proceeding was a personal guaranty for the loan to the debtor from the Bank which was purportedly signed by Salvatore Rinaudo, the debtor's father. Mary T. Rinaudo and Rinaudo Development, Inc. also guaranteed the loan.[1] On appeal, the debtor argues that the Bank failed to meet its burden of proof to demonstrate that he committed fraud, and that the Bankruptcy Court erred in denying the debtor's proffer of testimony by witness Paul Maciaszek.

I have carefully reviewed Judge Ninfo's thorough decision, as well as the briefs filed here on appeal. I find no reason to reverse, modify or remand that decision and, therefore, the decision appealed from is affirmed.

During the evidentiary hearing in the adversary proceeding. Judge Ninfo heard testimony not only from the debtor but from Salvatore Rinaudo, the individual who allegedly signed the disputed guaranty. In a nutshell, Judge Ninfo made several pertinent credibility findings. First of all, he credited the testimony of Salvatore Rinaudo that he did not sign the guaranty, was not aware that his guaranty had been pledged to secure the indebtedness now at issue, and was not approached by the debtor to execute that document.

Judge Ninfo also found that the debtor's testimony to the contrary was not credible. Judge Ninfo noted that there were inconsistencies between the debtor's testimony at trial and what he stated in the answer to the adversary proceeding. The debtor's appellate brief (Dkt. #7 at p. 4) dismisses the inconsistencies by claiming that the debtor "inadvertently" admitted that the guaranty had been delivered by him to the Bank. However, Judge Ninfo was entitled to discredit that testimony and instead conclude that the debtor's shifting explanations were not credible.

---

[1] When the debtor defaulted on the loan, the Bank commenced proceedings in New York State Court against Salvatore Rinaudo on his personal guaranty. Rinaudo has defended that action, claiming the guaranty was a forgery and that action was stayed pending the instant bankruptcy petition. The debtor has expressed concern that the decision appealed from would prejudice him in the event that the State Court finds the guaranty valid. However, Judge Ninfo specifically made allowance for that potentiality in his Decision and Order, noting that, "should the State Court find that the Disputed Guaranty is valid . . . this Court's finding of the non-dischargeability of the Genesee Indebtedness, pursuant to §523(a)(2)(A), shall be vacated." (Dkt. #1-14 at 11).

The standard for review of bankruptcy court decisions is clear. The court's appellate role is limited with respect to the bankruptcy court's findings of fact: unless the bankruptcy court's findings are clearly erroneous the decision should be affirmed. *See* Fed. R. Bankr. Proc. 8013; *In re Momentum Mfg. Corp.*, 25 F.3d 1132, 1136 (2d Cir. 1993). In this case, I believe Judge Ninfo's factual findings are supported by the record and are not clearly erroneous. The bankruptcy court, having conducted a trial and observed the witnesses in person, was in the best position to determine their credibility. That court also was in the best position to make findings of fact based on direct and circumstantial evidence and the inferences to be drawn from such evidence.

Judge Ninfo found that it was the debtor who was ultimately responsible for providing the Bank with the necessary guaranties. The testimony demonstrated that the Bank relied on such guaranties and would not have issued the loan without them. The facts support Judge Ninfo's determination that the Bank had established, by a preponderance of the evidence, that the debtor had made false representations with the intent to deceive the creditor and, therefore, under Bankruptcy Code § 523(a), the debt, having been attained by fraud and false statements, was non-dischargeable.

In sum, I believe the Bank carried its burden, by a preponderance of the evidence, to demonstrate that the debtor engaged in material false and misleading statements and actions in order to obtain the $115,000 loan from the Bank and, therefore, the resulting indebtedness should be non-dischargeable.

I also find no basis to reverse the decision of Judge Ninfo's refusal to accept the deposition testimony of witness Paul Maciaszek. It was well within the trial court's discretion to decline to hear such testimony. It does not appear that the offering party established that the third-party witness was unavailable to testify at trial and, therefore, the proffered evidence was properly rejected. It is clear that the reason for the proffer was to establish the truth of certain matters relative to the disputed guaranty – not, as debtor suggests, simply to attack Salvatore Rinaudo's credibility – and the Bankruptcy court was understandably concerned about its ability to make such determinations of

material fact based upon a witness's out-of-court deposition, without having a chance to observe and question the witness. There is no basis for reversal here.

## **CONCLUSION**

The decision of United States Bankruptcy Judge John C. Ninfo, II finding the debtor's debt to the Genesee Regional Bank to be non-dischargeable, is affirmed.

IT IS SO ORDERED.

_____
DAVID G. LARIMER
United States District Judge

Dated: Rochester, New York
December 22, 2010.